Ruffin, C. J.
 

 There was no evidence of any price given by the lessor of the plaintiff to Grandy; much
 
 *294
 
 less, that it was a fair one, so as to make him a meritorious purchaser for a valuable consideration. It is error to leave it to the jury to find a fact, without any evidence tending to establish it; and therefore the judgment would be reversed, if the other and more important part of the instruction were right.
 

 But the Court holds the residue of the instruction to be also- erroneous. The testimony of the Sheriff raised a strong suspicion of an illegal conspiracy and injurious practice between him and Grandy, to get the title of the defendant’s property vested in Grandy at a great undervalue, for their joint benefit, and to the prejudice of both the creditor and the debtor ,in the execution. Without leaving the inquiry of fact to the jury, but assuming it to be as alleged by the defendant, and impliedly admitting, that, by reason of the conspiracy and the low price of the land, Grandy got no title by his purchase, his Honor nevertheless held, that Grandy’s conveyance to the lessor of the plaintiff gave him a good title, if the latter had no notice of the fraud and paid a fair price. That seems to be against first principles ; for he, who has no title, can convey none. A bad title is not made good by the ignorance of the purchaser of its defects, or his want of knowledge of the better title, A purchase of the legal title for value, and without notice of an equity, may prevent the purchaser from being held to be a trustee. But in respect of legal estates the rule is,
 
 caveat eviptor;
 
 for the better title never can be destroyed by another’s want of knowledge of it.
 

 An attempt was made, in the argument, to assimilate this to a purchase from a fraudulent grantee under
 
 St.
 
 27
 
 Eliz.
 
 But the cases are not of the same kind. They áre, indeed, opposed to each other. The owner of the land, fraudulently sold, was not a party to the fraud, but the victim of it. Consequently he may aver the fraud and avoid the deed. But a fraudulent grantor is a party to the fraud, and he and all others are bound by his deed
 
 *295
 
 except subsequent purchasers from him. It has been held also that a purchaser from the fraudulent grantee shall hold; because the object of the act is to protect purchasers, and therefore it enures to the benefit of a purchaser from either the grantor or the grantee, provided he be the first purchaser. For the fraudulent grantee has a title, and consequently can convey; and in so doing he wrongs no one, there being then no second purchaser from the grantor. To make a case under the statute at all like the present, it should appear, that, after a conveyance by the grantor to a second purchaser, a vendor of the first fraudulent grantee would have a good title, merely because he was ignorant of the fraud in his vendor’s title and of the second conveyance of the original fraudulent grantor. But there is no such decision, and cannot be ; for it would be absurd to suppose, that, after a good title had been derived from either the fraudulent grantor or grantee, the other could in any manner make a good title to a third person. The doctrine laid down at the trial derives,then,no support from the rule respecting conveyances by fraudulent grantees; and it is in itself erroneous in affirming that one, who, bj’’ reason of his fraud on the owner, gets no title by the Sheriff’s deed, may yet convey a good legal title to another. This defect of title is like all others and must be attended by the like consequences. If for example, the Sheriff had no valid execution or conveyed without having made a public sale, his alienee would take nothing by the deed, and consequently he could convey no title. So it is in any other instance, in which one person undertakes to convey land, which belongs to another : the grantee gets nothing, and the title of the true owner continues.
 

 Pint CuRiam. Judgment reversed and
 
 venire de novo.